BOWES, Judge.
The appellant, State of Louisiana, Department of Public Safety and Corrections (hereinafter “the Department”), appeals judgments of the district court dismissing the suspensions by the Department of the driving privileges of the appellees, with prejudice, and restoring their licenses and driving privileges. We affirm as follows.
FACTS
The underlying facts are problematic in the present case. At the district court hearing, counsel for appellees (plaintiffs/drivers) stated: “We discussed with the Department of Public Safety that we don’t intend to contest the factual issue which has given rise to the suspension.”
Counsel for the Department then said on record: “... their license was suspended for unlawful use; and basically the facts of the case was [sic] that one person loaned her documents to another one, and that one went and obtained a driver’s license in the other girl’s name.”
The record further reveals that January 24, 1989 is the date of the incident in question. While the briefs indicate that Candice Richter applied for a driver’s license using the name of Amy Arthur (with Arthur’s apparent knowledge), there is nothing in the record to show exactly which appellee made the false application and which appel-lee lent her name to the scheme. The exception to this void of information is contained in the motion to consolidate the matters for trial filed by the Department, in which the Department stated: “It is alleged that Amy McCarthy Arthur gave documentation to Candice Richter which allowed Candice Richter to obtain a Louisiana driver’s license in the name of Amy McCarthy Arthur.” This does not, of course, constitute evidence. There is no competent evidence of record which indicates which appellee used false information, and which provided it.
Nevertheless, on April 20, 1991, plaintiffs/appellees both received notice from the Department that due to an “incident” occurring on January 24, 1989, which constituted “Unlawful Use of a License (R.S. 32:414(C) and 32:414.1),” the driver’s licenses of each would be suspended for one year.
Appellees filed separate petitions for judicial review pursuant to LSA-R.S. 32:414(F)(4), LSA-R.S. 32:415.1,[1] and re *716 quested stay orders pursuant to LSA-R.S. 49:964(C).[2] The stay orders were granted, the matters were consolidated for trial, and trial de novo was heard on August 16, 1991. The trial court took the matters under advisement and issued the judgments on appeal on March 10, 1992. The Department of Public Safety and Corrections appeals.
ANALYSIS
In its reasons for judgment, the trial court found that LSA-R.S. 32:421 is applicable to the present case, which statute provided in January of 1989 as follows:
Every person making application for a license under the provisions of this Chapter shall give and furnish such information as may be required by the department. The giving or furnishing of false, erroneous or incorrect information shall be deemed a violation of this Chapter. It shall be unlawful to apply for or obtain more than one valid license.
LSA-R.S. 32:427 provided (at that time) as follows:
Whoever violates a provision of this Chapter shall be fined not less than ten dollars, nor more than five hundred dollars or imprisoned not more than six months, or both.
It is the position of the Department that the present case falls under LSA-R.S. 32:414(C) which states:
The department shall forthwith revoke the license of any person, for a period of twelve months, upon receipt of evidence satisfactory to the department of such person’s violation of any of the provisions of R.S. 32:414.1 constituting an unlawful use of a driver’s license.
In turn, LSA-R.S. 32:414.1 decrees, in pertinent part:
It shall be unlawful for any person:
[[Image here]]
To use a false or fictitious name in any application for an operator’s or chauffeur’s license or to knowingly make a false statement or to knowingly conceal a material fact or otherwise commit a fraud in any such application, or to commit perjury by making any false affidavit, or knowingly swearing or affirming falsely to any matter or thing required by the terms of this Chapter to be sworn to or affirmed.
Thus, it seems that at least in January of 1989, when the incident occurred, there was an apparent conflict within the law involving the furnishing of false information by a person applying for a driver’s license. This conflict may have been resolved by the amendment of LSA-R.S. 32:421[3] effective in June, 1989. ■ However, as of the date of the incident in question the laws in effect and, therefore to be *717 applied, were as quoted hereinabove and not those quoted in Footnote No. 3.
We are not called upon here to resolve the conflict, however, because of the evidence, or lack thereof, in the record. We have examined the appellate record thoroughly and have been unable to determine, on any competent evidence at the trial or otherwise, which appellee was the applicant who provided false information. We find nothing in the law which would permit the department to suspend the license of the person whose “documents” were used in the fictitious application.
In the statutes, it is the applicant who must suffer the consequences. Since the Department failed to provide evidence of which party was guilty of false swearing, we are unable to say that the trial court was in error in dismissing the suspensions and restoring the driving privileges of the appellees. Therefore, we must affirm these dismissals of the suspensions of ap-pellees’ licenses as granted by the district court.
For the foregoing reason, the judgment appealed from is affirmed.
AFFIRMED.

. LSA-R.S. 32:414(F)(4) reads as follows:
The failure on the part of any person to comply with this provision shall be punishable as herein provided. Any person denied a license or whose license has been suspended, cancelled, or revoked shall have the right to file an application within thirty days thereafter for a hearing before the district court of the parish in which the applicant resides. That court is vested with jurisdiction to set the matter for hearing in open court upon ten days’ written notice to the department and thereupon to determine whether the person is entitled to a license or is subject to suspension, cancellation, or revocation of license under the provisions of this Chapter. Appeal from the decision of the district court may be taken to any court of competent appellate jurisdiction.
LSA-R.S. 32:415.1 provides the basis and procedure for application for a hardship appeal of a driver’s license suspension:
Upon suspension, revocation, or cancellation of a person's drivers license for the first time only as provided for under R.S. 32:414 and R.S. 32:415 said person, after initial notice from the department, shall have the right to file a petition in the district court of the *716 parish in which the applicant is domiciled alleging that revocation of his driving privileges will deprive him or his family of the necessities of life or will prevent him from earning a livelihood. The district court is vested with jurisdiction to set the matter for contradictory hearing in open court upon ten days written notice to the department, and thereupon to determine whether the allegations of hardship have merit. Upon determination by the court that the lack of a license would deprive the person or his family of the necessities of life, the court may order that the person be granted, by the department, a restricted license to enable the person to continue to support his family.

. LSA-R.S. 49:964(C) provides:
The filing of the petition does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

. LSA-R.S. 32:421 provides:
Every person making application for a license under the provisions of this Chapter shall give and furnish such information as may be required by the department. The giving or furnishing of false, erroneous, or incorrect information shall be deemed a violation of this Chapter. It shall be unlawful to apply for or obtain more than one valid license. In addition to the other penalties imposed by this Chapter, if the department determines, in its check of an applicant's license status and record prior to issuing a driver’s license, or at any time after the driver’s license is issued, that the applicant has falsified information, the department shall, and within no more than thirty days of discovering the falsification, suspend, revoke, or cancel the person’s driver's license for up to sixty days or shall cancel his pending application and may prohibit his reapplication for up to sixty days.